Curia, per O’Neall, J.
In this case two questions will alone be considered, one arising out of the motion for a non-suit, and the other out of the motion for a new trial. The first is, whether the defendant is liable as maker of the note 1
That he is, can I think be easily, and in a few words, clearly shown ! On the note before us, the defendant promised to pay himself or bearer, the sum mentioned. If this were all, the plaintiff could not recover. For the promise would be, then, to himself alone, and would fall within Glenn and Sims ; but this was not the original form of the note. The promise to the defendant or bearer, was originally made by Brannon. When the defendant was about passing off the note to John W. Mundy, who refused to take it in any other way than by the defendant becoming a maker of it, he signed his name, and then, under such circumstances, it became a promise to pay the bearer. For there is no !. doubt, after Ives v. Pickett, Oats and Griffith, that he who signs a note, after other parties made it, becomes liable, as by a several undertaking. The rule in such cases as this, is to give effect, if possible, to the intention of the parties.— Here the intention is plain. Is there any obstacle to giving it effect ? None whatever ! The note is not, as between any of the parties, altered by parol. The note is a promise to L. H. Mundy or bearer. This is complied with by Bran-non’s liability. The defendant’s name appears at the foot of the note; this was put there after the note was perfect.— The apparent date of a paper is always examinable by pa-rol. It is thus ascertained that the defendant’s promise is not part of the original contract — he does not undertake jointly and severally with Brannon, but he makes a several promise literally to himself or bearer. We know, however, from the facts, that he intended to bind himself to the bearer to whom he delivered the note, and to whomsoever it might afterwards be delivered. This being the ascertained intention, our business (if we legally can) is to give it effect: the note may very well be read under such circumstances, as if *19 the name of L. H. Mundy, payee, were struck out, (his signature as maker may very well have that effect,) and would, then, stand as a naked promise on his part, to pay the bearer. This must be so, as is said in Stoney v. Beaubien, because, otherwise, no’ legal effect would result from the defendant’s signature as maker. In Freeman v. Clark, I stated my notion of the'matter, now in hand, by saying, “the proof shows that on negotiating it, a note payable to bearer, made by other persons to the plaintiff, he (Wells, the subscribed his name as one of the makers; that made a good several contract on his part.” It is true, that point was not in issue in that case, ana hence, the remark, however proper on the facts in evidence, must rank as a mere obiter dictum there ; but here it is the point to be decided, and on examination, I am satisfied the law was, in this respect, stated correctly in Freeman v. Clarke. It is true in Tuten v. Ryan, where one of two partners, to whom or bearer the note was payable, wrote his name on its back, it was held he could not be charged as maker, but might be as a drawer of a bill of exchanae. This decision was, I have no doubt, right as to his liability as the drawer of a bill of exchange. But in no point of view does it stand in the way of this case. For there it was doubtful, on the proof, whether the defendant intended to make himself unconditionally liable; and according to the form of his contract, it would seem he did not; and hence, perhaps, the true course was to charge him as drawer of a new bill. Here, however, the proof and the form of the defendant’s contract, show he intended to make' himself unconditionally liable.
The next question is, whether the defendant is discharged by the giving of time to Brannon, the principal, by Elbert Mundy, to whom the note was delivered for a special purpose. It may be assumed that the contract was a good and valid one between them. The note was restored by Elbert to John W. Mundy, and by him transferred to the present plaintiff. In this case, as in McAlpin v. Wingard and Muller, I have no hesitation in holding that this defence caunot be set up against a bona fide holder. It is true the note was past due, and therefore, all competent defences may be made. But this defence, at most, does not go to the entire destruction of the note, — it is only to affect one of the parties. It arose with an intermediate holder. I do not think it can be considered as such a defence as ought to be now set up against the note, in the hands of another holder. So, too, it is worthy of consideration on this point, that these parties, Brannon and Mundy, were several malrers of the same note. The defendant is the surety. But the contract of Elbert, to give time to Brannon, did not change the note, or so bind the defendant that he could not, at any time, have *20 paid it, and had his action against Brannon. In such an event, Brannon might have had his remedy against Elbert, who had undertaken for more than he could perform. The cases of Wayne v. Kirby and Lands ads. Picket, make it clear, that a giving time which does not prevent the surety from paying the debt and ‘pursuing his principal, does not operate as a discharge.
The motion for a non-suit or new trial, is dismissed.
The whole Court concurred.

Motion refused.